United States District Court
for the
Southern District of Florida

| Kennedy Terrell Walker, Movant, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Civil Action No. 16-21973-Civ-Scola |
| | ) | |
| United States of America, | ) | |
| Respondent. | ) | |

### Order Adopting Magistrate Judge's Report And Recommendation

 This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On July 21, 2017, Judge White issued a report, recommending that the Court deny Defendant Kennedy Terrell Walker's motion to correct, set aside, or vacate his sentence pursuant to 28 U.S.C. § 2255 and dismiss the case. (Report of Magistrate, ECF No. 16.) Walker has filed objections (ECF No. 17) to the report to which the Government has responded (ECF No. 19). Having reviewed de novo those portions of Judge White's report to which Walker objected and having reviewed the remaining parts for clear error, the Court adopts the report and recommendation in its entirety except for the recommendation that a certificate of appealability not issue.

 Walker premises his objections on the United States Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which found the definition of "violent felony" under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), void for vagueness. Walker argues, first, that his conviction under 18 U.S.C. § 924(c), for carrying a firearm during and in relation to a crime of violence, is no longer lawful in light of *Johnson*. Second, Walker similarly submits that his sentence enhancement under the "Three Strikes" provision of 18 U.S.C. § 3559(c) is also unlawful. Lastly, Walker contends that his prior robbery offenses do not otherwise qualify as either ACCA or § 3559 predicates after *Johnson*. All of Walker's arguments are unavailing.

 To begin with, Walker's § 924(c) challenge is foreclosed by the Eleventh Circuit's binding decision in *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017). In that case, the Court held that "Johnson's void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force' clause in § 924(c)(3)(B)." *Id.* at 1265. Although a mandate has not yet issued in *Ovalles*, and the appellant in that case has recently filed a petition for rehearing en banc, *Ovalles*

nonetheless remains the law in this circuit. *See Martin v. Singletary*, 965 F.2d 944, 945 (11th Cir. 1992) (noting that even where a mandate has not issued, an order issued by the Eleventh Circuit "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by this court sitting en banc").

Next, regarding § 3559(c), *Johnson* on its own does not call into question other criminal statutes that "use terms like 'substantial risk.'" *Johnson*, 135 S. Ct. at 2561; *see also United States v. Moreno-Aguilar*, 198 F. Supp. 3d 548, 557 (D. Md. 2016) ("Unmooring *Johnson* from this reasoning would potentially invalidate countless statutes. *See, e.g.,* 18 U.S.C. § 3559(c)(2)(F); 18 U.S.C. § 16(b); 18 U.S.C. §§ 3142(f)(1)(A) and (g)(1); 18 U.S.C. § 521(d)(3)(C)."). Simply put, "*Johnson* did not recognize as a new right that the residual clauses of . . . § 3559(c)(2)(F)(ii) or a similarly worded residual clause are unconstitutionally vague." *Runnels v. United States*, No. 3:08-CR-167-B-BH (5), 2017 WL 3447861, at *3 (N.D. Tex. June 27, 2017), *report and recommendation adopted sub nom. CHARLES RUNNELS, ID # 37469-177, Movant, v. UNITED STATES OF AMERICA, Respondent.*, No. 3:08-CR-167-B (5), 2017 WL 3421181 (N.D. Tex. Aug. 9, 2017). Because the residual clause of § 3559(c) closely resembles the risk-of-force clause in § 924(c)(3)(B), to which the Eleventh Circuit has found *Johnson* does not apply, the Court finds that Walker's argument fails.

Lastly, because the Court finds that *Johnson* does not apply to either § 924(c) or § 3559(c), it need not evaluate Walker's contention that his prior robbery offenses do not otherwise qualify as either ACCA or § 3559 predicates.

The Court has considered Judge White's report, the Petitioner's objections, the record, and the relevant legal authorities. The Court finds Judge White's report and recommendation cogent and compelling. The Court **affirms and adopts** Judge White's report and recommendation (**ECF No. 16**), with the exception of his recommendation not to issue a certificate of appealability. The Court finds that a certificate of appealability should issue as to whether *Johnson* applies to the provisions of § 924(c) and § 3559(c), as discussed above, since it appears from Walker's citations that the questions raised are indeed debatable and, in fact, are being debated, among reasonable jurists.

The Court **denies** the petition for writ of habeas corpus (ECF No. 1). The Court issues a certificate of appealability. Finally, the Court directs the Clerk to **close** this case.

**Done and ordered**, at Miami, Florida, on August 18, 2017.

_____
Robert N. Scola, Jr.
United States District Judge